## United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** CR 11-01175 SJO / CR 13-00008 SJO |
| **Defendant** SCHRIER, Tyler | **Social Security No.** 0 6 5 6 |
| akas: Tyler Robert Matthew Schrier | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.    MONTH April   DAY 22,   YEAR 2013

**COUNSEL**     William Harris (Appointed)
(Name of Counsel)

**PLEA**   [x] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

In case number CR 11-01175 SJO: 18 U.S.C. §§ 371, 1030(a)(2)(C), (c)(2)(B)(i), (c)(2)(B)(ii): Conspiracy to Access a Protected Computer Without Authorization and Obtain Information for Private Financial Gain and in Furtherance of a Criminal Act as charged in count one of the Indictment.

In case number CR 13-00008 SJO:  18 U.S.C. § 875(d)]: Extortion as charged in count one of the Informtion and  18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(I): Unauthorized Access to a Protected Computer to Obtain Information as charged in count two of the Information.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $300, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Defendant shall pay restitution in the total amount of $30,350 pursuant to 18 U.S.C. § 3663A, to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim.  The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

The amount of restitution ordered shall be paid as set forth on the victim list prepared by the probation office. If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.  If any amount of

restitution remains unpaid after release from custody, monthly installments of at least 10 percent of defendant's gross monthly income, but not less than $150, whichever is greater, shall be made during the period of supervised release.  These payments shall begin 30 days after the commencement of supervision.

Interest on the restitution ordered is not waived.  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The defendant shall comply with General Order No. 01-05.

Pursuant to Guideline Section 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Tyler Schrier, is hereby committed on Count 1 of Docket No. 11-01175 and Counts 1 and 2 of Docket No. 13-00008 to the custody of the Bureau of Prisons to be imprisoned for a term of 42 months.

This term consists of 30 months on each of Count 1 of Docket No. 11-01175 and Counts 1 and 2 of Docket No. 13-00008, to be served concurrently to each other, and 12 months on the enhancement under 18 U.S.C. §3147, to be served consecutively to the terms imposed on  Count 1 of Docket No. 11-01175 and Counts 1 and 2 of Docket No. 13-00008.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years.  This term consists of three years on each of Count 1 of Docket No. 11-01175 and Count 2 of Docket No. 13-00008 and one year on Count 1 of Docket No. 13-00008, all such terms to run concurrently under the following terms and conditions:

     1.     The defendant shall comply with the rules and regulations of the U.S. Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05.

     2.     The defendant shall not commit any violation of local, state or federal law or ordinance.

     3.     The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

     4.     The defendant shall participate in an outpatient substance abuse treatment and counseling

Case 2:13-cr-00008-SJO   Document 25   Filed 04/22/13   Page 3 of 8   Page ID #:181

| USA vs.  SCHRIER, Tyler | Docket No.: | **CR 11-01175 SJO** |
|---|---|---|
| | | **CR 13-00008 SJO** |

program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer.  The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision.

     5.     During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

     6.     The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer.

     7.     The defendant shall attend Gamblers Anonymous sessions as directed by the Probation Officer;

     8.     As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency and psychiatric disorder to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.

     9.     During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

     10.     The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

     11.     The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer.

     12.     Defendant shall possess and use only the computer(s) and computer-related devices, screen user names, passwords, e-mail accounts, and ISPs that have been disclosed to his Probation Officer.

     13.     Before using a computer or computer-related device capable or accessing the internet, screen name, password, e-mail account or internet service provider (ISP) for the first time, defendant shall notify his Probation Officer.  Computers and computer-related devices include, but are not

| USA vs. **SCHRIER, Tyler** | Docket No.: | **CR 11-01175 SJO**<br>**CR 13-00008 SJO** |
|---|---|---|

limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment that can access or can be modified to access the internet, electronic bulletin boards, and other computers or similar media.  After notifying his Probation Officer about a particular computer, computer-related device, screen name, password, e-mail account or ISP, defendant need not notify the officer about subsequent use of that particular item.

14. Defendant shall, however, notify his Probation Officer of any additions to, removals from, upgrades of, updates of, reinstallations of, repairs of, or other modifications of the hardware or software on any computers, computer-related devices, or peripheral equipment in the aforementioned items prior to the first use of the computer or computer-related device after any additions, removals, or modifications have been done.

15. Defendant shall provide his Probation Officer with all billing records for phone, cable, internet and satellite services that he purchases, as requested by the Probation Officer, so that his Probation Officer can verify his compliance with these requirements.

16. The defendant shall comply with the rules and regulations of the Computer Monitoring Program.  The defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

17. All computers, computer-related devices and their peripheral equipment used by defendant shall be subject to search and seizure by making a mirror image of the device or searching the computer on-site.  The defendant shall not hide or encrypt files or data without prior approval from the Probation Officer.

18. The defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

19. Defendant shall not knowingly contact, or attempt to contact any of the victims discussed in the indictment and Information, including victims J.S., A.L., D.N., A.S., B.S., E.C., K.L., R.P., N.D., G.P., and M.A. ("the Victims") or their families, including but not limited to their parents, siblings, other relatives, any spouse or significant other with whom the Victims may share an intimate relationship (whether existing now or during the pendency of any term of supervised release), and any children of the Victims, directly or indirectly by any means, including but not limited to in person, by mail, telephone, e-mail, text message, or otherwise via the internet or other electronic means, or through a third party.

| | | |
|---|---|---|
| USA vs.  SCHRIER, Tyler | Docket No.: | **CR 11-01175 SJO**<br>**CR 13-00008 SJO** |

    20.    Defendant shall not attempt to locate the Victims or the Victims' Families or attempt to obtain information concerning the whereabouts, phone numbers, e-mail addresses, or other personal identifiers of the Victims or the Victims' Families.

    21.    Defendant shall remain at least 100 yards away from the Victims at all times.

    22.    Defendant shall not possess, or attempt to possess, any materials, whether in hard copy, digital, electronic, or any other form, that depict sexually explicit and/or nude images of the Victims and/or that contain personal identifying information, including any access devices and bank/credit card account numbers, of the Victims.

    23.    The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court advises the defendant of his right to appeal.

The bond is exonerated.

In the interest of justice the Court grants the government's motion to dismiss counts 2-13 and count 15 of the indictment.

The Court recommends that the defendant shall be incarcerated at a facility that can address defendant's mental health issues at either Lompoc or in Pensacola, Florida.

The Court recommends that the defendant shall participate in the Bureau of Prison's 500 hour drug treatment program.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | | |
|---|---|---|
| April 22, 2013 | | S. James Otero _(signed)_ |
| Date | | U. S. District Judge/Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | | |
|---|---|---|
| April 22, 2013 | By | Victor Paul Cruz _(signed)_ |
| Filed Date | | Deputy Clerk |

| USA vs. **SCHRIER, Tyler** | Docket No.: | **CR 11-01175 SJO** |
|---|---|---|
| | | **CR 13-00008 SJO** |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

[x] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

| | |
|---|---|
| USA vs.  **SCHRIER, Tyler** | Docket No.:  **CR 11-01175 SJO**<br>**CR 13-00008 SJO** |

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____  
Date                Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

| | | | |
|---|---|---|---|
| USA vs. **SCHRIER, Tyler** | | Docket No.: | **CR 11-01175 SJO**<br>**CR 13-00008 SJO** |

Clerk, U.S. District Court

By _____

_____   Deputy Clerk
Filed Date

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____            _____
        Defendant                                                                               Date


_____                                     _____
U. S. Probation Officer/Designated Witness                                Date